THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SALGADO, Appellant. [10 NYS3d 67]—

Order, Supreme Court, New York County (Patricia Nunez, J.), entered on or about August 4, 2011, which denied defendant's CPL 440.10 motion to vacate a May 17, 1994 judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's motion is procedurally defective under CPL 440.10 (2) (c) and 440.30 (4) (d). In any event, it is without merit.

Defendant contends that the building he was accused of burglarizing was not a dwelling under the Penal Law, that his counsel rendered ineffective assistance by failing to ascertain the building's true status and make use of this information in his plea bargaining strategy, and that his guilty plea to attempted second-degree burglary (requiring the premises to be a dwelling) was invalid or inadvisable. However, the People claim that the educational building at issue contained an occupied superintendent's apartment in its basement that rendered the entire building a dwelling under the principles set forth in *People v McCray* (23 NY3d 621 [2014]). Defendant's sole attempt to refute that contention is based on irrelevant documents suggesting that the basement apartment might not have complied with the certificate of occupancy in effect for the building at the time of the burglary. "Dwelling" is defined simply as "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). There is nothing in the Penal Law to suggest an additional requirement of compliance with certificates of occupancy, building codes and the like (*see People v Santospago*, 198 AD2d 313 [2d Dept 1993], *lv denied* 82 NY2d 930 [1994] [dwelling status not affected by lack of certificate of occupancy]; *see also People v Abarrategui*, 306 AD2d 20, 21 [1st Dept 2003], *lv denied* 100 NY2d 617 [2003] [same result; emergency access restrictions]; *People v Mullally*, 38 Misc 3d 1002, 1009 [Sup Ct, Queens County 2013] [same result; City's vacate order]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.